# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY A. KAPRIELIAN, <br> a/k/a Misha Kaprielian, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHEAST MISSOURI MENTAL <br> HEALTH CENTER, SEXUAL OFFENDER <br> REHABILITATION AND TREATMENT <br> SERVICES (SORTS), et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 4:14CV1548 CEJ |

## MEMORANDUM AND ORDER

Plaintiff, a civilly committed resident at the Southeast Missouri Mental Health Center, sues defendants for allegedly creating a hostile environment because he is a transgendered person. Plaintiff moves to proceed in forma pauperis, and the Court will grant the motion. After carefully reviewing the complaint, the Court finds that it fails to state a claim upon which relief can be granted. Rather than dismissing the complaint at this time, however, the Court will allow plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987),

aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff alleges that defendants, who are current or former officials for Missouri's Sexual Offender Rehabilitation and Treatment Services ("SORTS"), subjected him to a dangerous environment by placing him in open housing where the other residents were hostile to his transgender identity. Plaintiff further alleges that the officials have subjected him to false conduct violations because of his identity.

## Discussion

Plaintiff does not state a basis for this Court's jurisdiction. In order to bring this action in federal court, plaintiff must identify a federal law or constitutional provision that defendants have violated. 28 U.S.C. § 1331. Additionally, plaintiff does not state how each individual defendant violated his rights. It is not sufficient to allege that "defendants" subjected plaintiff to possible harm. Plaintiff must connect each defendant individually to each instance of harm.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and **claims that are not realleged are deemed abandoned**. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In the amended complaint, plaintiff **must** state the basis for this Court's jurisdiction. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum and Order. If no amended complaint is filed by the deadline, this action will be dismissed without further notice to plaintiff.

Dated this 12th day of September, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE